UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 16-20038-24-CR-LENARD/GOODMAN

UNITED STATES OF AMERICA

v.

SAMUEL WOODEN,

    Defendant.
_____/

## ORDER DENYING MOTION TO TAKE CO-DEFENDANT'S DEPOSITION

United States District Judge Joan A. Lenard referred [ECF No. 622] to the Undersigned the "Opposed Motion for Permission to Take Post-Guilty Plea Limited Deposition of Co-Defendant Michael Thomas" [ECF No. 348], filed by Defendant Samuel Wooden. The United States filed an opposition in response [ECF No. 412], and Defendants Wayne Thomas, Kenneth Desmond Wright and Bernard Franklin Tucker opted in/joined the motion. [ECF Nos. 352; 356; 358]. Wooden filed a reply. [ECF No. 426].

In his Motion, Wooden emphasizes that he is charged only in Count 3, which is for an alleged cocaine conspiracy involving 28 grams or more of cocaine base. Wooden focuses on intercepted conversations between him and co-defendant Michael Thomas (who has been cooperating with the Government). In those conversations, the phrases

"probably get 3," "the 3 boys" and "the three of them" are spoken. Wooden argues that these words are "devoid of any detail as to what the item in question was to which Samuel Wooden was referring in the intercepted conversations." Moreover, even if the "3" was a reference to a controlled substance, Wooden further argues, there is no additional conversation revealing if the "3" refers to grams or ounces, nor is there clarity on whether the conversation concerned powder cocaine or crack cocaine.

Given this purported ambiguity, Wooden asks for permission to take a limited deposition of Thomas after Thomas enters a guilty plea. He proposes that the deposition concern only four topics: (1) What controlled substance did Thomas provide to Wooden (or any other Defendant who has not already entered a guilty plea)? (2) What quantity of that controlled substance did Thomas provide to Wooden (or to any other Defendant who has not already entered a guilty plea)? (3) If the substance was cocaine, then was it in powder or base/crack form? and (4) What does Thomas know about Wooden's intended use of the controlled substance?

Wooden's Motion explains that the United States opposes the motion. It does not, however, explain whether *Thomas* opposes the motion, nor does it indicate whether his counsel ever spoke to Thomas' attorney about this atypical request.

Wooden said (in his June 6, 2016 Motion) that he expects Thomas to enter a guilty plea in this case. But that has not happened. In fact, the Undersigned entered an Order earlier today, granting Thomas' motion to disqualify counsel and appointing new

2

CJA counsel. [ECF No. 666]. The Order responded to Thomas' handwritten letter of grievance about his former trial counsel. In his letter [ECF No. 609], Thomas complained that his attorney was trying to persuade him to sign a plea agreement which he believed would not be in his interest.

So it is far from clear that Thomas will in fact be entering a guilty plea, or, if he does, when that will happen or which charges will be the subject of a plea.

The Government interposed several objections to the motion: (a) the Federal Rules of Criminal Procedure do not authorize the requested deposition and the exceptional circumstances which might justify a usually-disfavored deposition are not present here; (b) a Court-ordered deposition would violate Thomas' Fifth Amendment rights; and (c) the deposition would violate the prohibition against judicial involvement in plea negotiations.[1]

*******************************************************************************

From a practical perspective, Wooden's Motion is problematic. He recognizes that he would not be able to take Thomas' deposition until at least after Thomas enters a guilty plea. But Thomas has not entered a plea, and trial is scheduled to begin in approximately three weeks (i.e., on September 19, 2016). Given that a new attorney was appointed this week to represent Thomas, it seems extremely unlikely that she will be

---

[1] Wooden's Motion argues that the deposition would facilitate plea negotiations between the Government and all Defendants, a result which Wooden touts as a ground to support his request for the deposition.

3

sufficiently familiar with the case to make a recommendation about a plea until shortly before trial. Moreover, the deadline to accept pleas has already expired, and it is far from certain that Thomas would be permitted to enter a guilty plea before trial even if he wanted to take that route.

In addition, even if Thomas decided at this late date to enter a guilty plea and even if the Court permitted it, it seems extremely unlikely that he will be sentenced before trial (or the deposition). Therefore, contrary to Wooden's theory, Thomas **would** still retain through the sentencing a Fifth Amendment right against self-incrimination following a guilty plea. *Mitchell v. United States*, 526 U.S. 314, 325-27 (1999) ("reject[ing] the proposition that incrimination is complete once guilt has been adjudicated" and explaining that "[w]here the sentence has not yet been imposed a defendant may have a legitimate fear of adverse consequences from further testimony") (internal citations omitted). Thus, the deposition Wooden wants to take would require Thomas to provide answers likely to incriminate him while his sentencing hearing remained pending.

To compound this practical problem, Wooden would likely still have Fifth Amendment concerns if asked questions at a deposition taken *after* sentencing. That's because he could be asked questions about illegal activities not encompassed by the existing criminal charges. Therefore, even post-sentencing deposition testimony could trigger legitimate Fifth Amendment concerns. *United States v. Vangates*, 287 F.3d 1315, 1320 (11th Cir. 2002) (holding that the Fifth Amendment "permits a witness to refuse to

answer *any* question put to him *unless and until* he is protected at least against the use of his compelled answers and evidence derived therefrom in any subsequent criminal case in which he is a defendant.") (emphasis supplied) (internal citations omitted).[2]

Wooden has not disclosed whether Thomas' counsel would permit such scenarios, and it is difficult for the Undersigned to imagine a situation where Thomas' counsel would permit her client to give a deposition and waive his Fifth Amendment rights in a deposition taken before the Court imposes sentence.

Consequently, the legal foundation underlying the Motion is inherently shaky. It is premised on the notion that Thomas' Fifth Amendment rights would have evaporated by the time a deposition is taken. But, as outlined above, the premise is almost certainly illusory.

Beyond the highly questionable premise upon which the motion is based, Wooden's Motion fails to clear another legal hurdle: it does not generate the exceptional circumstances necessary to authorize the rare remedy of enabling a defendant to obtain deposition testimony. *United States v. Drogoul*, 1 F.3d 1546, 1551 (11th Cir. 1993) (noting that the party requesting the deposition has the burden of demonstrating the requisite exceptional circumstances).

---

[2] Wooden has not argued that the United States would be willing to provide immunity if Thomas were to provide deposition testimony and the Government certainly has not volunteered that as a possibility.

Usually, the exceptional circumstances contemplated by Rule 15(a) exist "when the prospective deponent is "unavailable for trial and the absence of his or her testimony would result in an injustice." *Id.* at 1552 (internal citations omitted). In practical terms, this typically involves a witness located in a foreign county (like in *Drogoul*), beyond the subpoena power of the federal courts and has not voluntarily agreed to appear at trial, or one whose physical condition generates a substantial likelihood that he or she would be unable to appear as a live trial witness. *Id.* at 1550; *cf. United States v. Keithan*, 751 F.2d 9, 12 (1st Cir. 1984) (holding that it is not error to permit the taking and use at trial of videotaped depositions of advanced age witnesses who suffered from "physical infirmities").

Thomas is not unavailable. He is here in Miami, at the Federal Detention Center. If he were to enter a guilty plea and continue to cooperate, then the United States would (presumably) call him as a witness. Once that happened, Wooden's counsel would be permitted to ask him questions on cross. Alternatively, if the United States did not call Thomas as its own witness, then Wooden could compel his attendance with a subpoena.

Rule 15 is designed to preserve a witness' testimony for trial, not to permit pretrial discovery. *See generally United States v. Carrigan*, 804 F.2d 599, 602 (5th Cir. 1986) (explaining that the advisory and legislative committee notes demonstrate that Rule 15 "does not authorize a party to take discovery depositions of the adverse party's

witnesses"). Wooden's motion is not based on an effort to *preserve* Thomas' testimony. Instead, it is an effort to obtain *discovery.*

The Undersigned understands that Wooden's counsel may well have legitimate strategic reasons for wanting to obtain Thomas' deposition testimony before trial. Seeking to obtain clarification about the words "boy" and "3" in the intercepted phone conversation is surely a sound ground to **want** the deposition testimony. Having Thomas explain the meaning of those words might shed light on the conversation and might provide insight into the nature of the activities mentioned in the calls.

But the mere fact that Wooden's counsel (and counsel for the other joining Defendants) may have an appropriate reason to obtain the testimony of a co-defendant hardly means that the Court should permit it. To the contrary, Rule 15 depositions are not intended as discovery devices, and courts do not permit them in the absence of exceptional circumstances (which are not present here). *See generally United States v. Cutler*, 806 F.2d 933, 935-36 (9th Cir. 1986) (affirming the ruling denying defense's request to take informant's deposition because it was not to preserve testimony for trial and noting that "[n]o court has allowed a Rule 15 deposition solely for discovery").

The circumstances here are far from exceptional.

In this district, it is not unusual for a defendant named in a multi-defendant indictment to decide to cooperate with the Government and enter a guilty plea. Under the practical ramifications of Wooden's theory, most defendants in every multi-

defendant prosecution would be able to argue for a pre-trial deposition after another co-defendant entered a pre-trial guilty plea.  There are *often* circumstances (such as code words in recorded conversations) which are arguably ambiguous or unclear and which could be used to justify a "limited" deposition, designed solely to obtain clarification.

Wooden's theory would substantially alter the pre-trial landscape of pre-trial discovery rules in federal criminal cases. The issue here, of course, is not whether the existing rules are fair, whether they could be rendered fairer or whether other jurisdictions (e.g., the Florida state criminal justice system, where defendants are permitted to take pre-trial depositions) have procedures which provide defendants with greater discovery.

So, under the relevant and applicable federal law, Wooden's Motion is not persuasive and the Undersigned therefore **denies** it. *See Drogoul,* 1 F.3d at 1552 *(*stating that whether to authorize depositions is a decision committed to the district court's discretion, a decision which will be disturbed only for an abuse of discretion); *Simon v. United States,* 644 F.2d 490, 498 n. 12 (5th Cir. 1981) (noting the exceptional circumstances standard and explaining that "the only authorized purpose is to preserve

evidence, not to afford discovery.") (internal citations omitted).[3] *See also United States v. Edwards*, 69 F.3d 419, 437-38 (10th Cir. 1995).[4]

**DONE AND ORDERED** in Chambers, in Miami, Florida, on August 25, 2016.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

<u>Copies furnished to</u>:
Honorable Joan A. Lenard
All counsel of record

---

[3] In *Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir. 1981), the Eleventh Circuit Court of Appeals held that Fifth Circuit decisions handed down on or before **September 30, 1981** would be binding as precedent on all federal courts in the circuit. *Simon* was decided on **May 7, 1981,** making it binding precedent**.**

[4] Given this ruling, the Undersigned does not believe it is necessary to address the Government's argument that the deposition would violate the prohibition against district judges becoming involved in plea negotiations.

9