UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

FILED BY _____ D.C.

DEC 1 1 2023

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

WAYNE THOMAS,
(PETITIONER),

SELF REPRESENTED / PRO-SE

VS.

UNITED STATES OF AMERICA,
(RESPONDENT),
_____ /

CASE #: 113C1-16-CR-20038

## MOTION FOR REDUCTION IN SENTENCE
## PURSUANT TO 18 U.S.C. §3582(c)(1)(A)

COMES NOW, Petitioner, Wayne Thomas, files this Motion for Reduction in Sentence, pro-se. Petitioner is a layman of the law, unskilled in the law, and requests this Motion to be construed liberally. See – **Haines v. Kerner**, 404 U.S. 519 (1972)).

### BACKGROUND

On April 27 2023, the United States Sentencing Commission (USSC) amended the Sentencing Guidelines, for crimes committed in the United States of America. The revised guidelines became effective on November 1, 2023. The USSC guideline amendments respond to, among other things, the First Step Act of 2018 (FSA) Pub. L No. 115-391, § 603(b), 132 Stat. 5194, 5239, which amended 18 U.S.C. 3582 (c)(1)(A) to authorize courts to grant a motion for a sentence reduction upon a petitioner's own motion. Previously the courts were only authorized to hear such a motion when it was filed by the Director of the U.S. Bureau of Prisons (BOP). Congress amended the law for the express purpose, set forth on the face of the enactment of "increasing the use" of sentence reduction motions under section 18 U.S.C. 3582

1

(c)(1)(A) First Step Act § 603(b) for intervening changes of law, to rewrite "miscarriages of justice" for unconstitutional sentences under extraordinary and compelling circumstances.

Section 18 U.S.C. 3582 (c) (1) (A) authorizes a court to reduce a petitioners term of imprisonment if "extraordinary and compelling reasons" warrant a reduction and "such a reduction is consistent with applicable policy statement issued by the Sentencing Commission." Congress directed the USSC to describe what should be considered "extraordinary and compelling reasons" for sentence reduction, including the criteria to be applied and a list of specific examples. Among other things, the amendment extends the applicability of the policy statements to petitioner filed motions, expands the list of specified extraordinary and compelling reasons that warrant a sentence reduction; retains the existing "other reasons" catchall category, provides specific guidance with regard to the permissible consideration of changes in the law, and responds to case law that was developed after the enactment of the First Step Act of 2018.

Additionally, the USSC amendment revises 1b1.13 (a) to reflect that a petitioner is now authorized to file motion under 18 U.S.C. 3582 (c) (1) (A) making the policy statement applicable to both the petitioner filed and BOP filed motions. The amendments expand the list of specified extraordinary and compelling reason and retains the "other reasons" basis for a sentence reduction to better account for and reflect the plain language of Section 18 U.S.C. 3582 (c) (1) (A), its legislative history, and decisions by courts that were made in the absence of a binding policy statement. The list of specified "extraordinary and compelling reasons" is expanded by: (a) adding two new subcategories to the "Medical Circumstances of the Defendant" ground for relief; (b) making three modifications to the "family circumstances" ground; (c) adding a new ground called "victim of abuse" and; (d) a new ground for "unusually long sentence" which permits a judge to consider a non-retroactive change in sentencing law as an "extraordinary and compelling reason" in specific situations for a sentence reduction under 1b1.13 (B) (6). These circumstances, under "unusually long sentences" are: (a) the petitioner is serving an unusually long

sentence; (b) the defendant has served at least ten years of the sentence and; (c) and intervening change in the law has produced a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed.

These intervening changes in law can qualify as "extraordinary and compelling reasons" for a sentence reduction. One of the expressed purposes of Section 18 U.S.C. 3582 (c) (1) (A) when it was enacted by Congress in 1984 was to provide a narrow avenue for judicial relief from "unusually long sentences," that are unconstitutional. See **U.S. v. McCoy**, 981 F 3d. 271, 286-88 (4th Cir. 2020); **U.S. v. Chen**, 48 F 4th 1092, 1098 9th Cir. (2022); **U.S. v. McGee**, 992 F 3d. 1035, 1047-48 (10th Cir. 2021); **U.S. v. Andrews**, 12 F 4th 255, 260-62m 142 S.Ct. 1446 (2022); **U.S. v. McMaryion**, 64 4th 257, 259-60 (5th Cir. 2023); **U.S. v. McCall**, 56 F 4th 1048, 1061 6th Cir. (2022); **U.S. v. King**, 40 F 4th 594, 595 (7th Cir. 2022); **U.S. v. Crandall**, 25 F. 4th 582, 585-86 (8th Cir. 2022); **U.S. v. Jenkins**, 50 F 4th 1185, 1198, 1198 D.C. Cir. (2022) all held the same and, last but not least **U.S. v. Concepcion**, 142 S.Ct. 2389 (2022), ruled that non-retroactive changes in sentencing law must be considered for a sentence reduction.

In addition, the New Sentencing Guidelines Amendments updates the 2D1.1 definition for unlawful, manufacturing, importing, exporting, trafficking, attempt or conspiracy in criminal drug cases. According to prior criminal history points, Part B of the amendment includes three subparts making changes pertaining to offenders who did not receive any criminal history points from chapter four, Part A. Subpart 1 provides for an adjustment for certain offenders with zero criminal history points. Subpart 2 revises 5C1.1 - imposition of the term of imprisonment "safety valve." This is to implement the congressional directive at 28 U.S.C. 994 (j). Finally, Subpart 3, makes other conforming changes.

Subpart 1 of Part B of the amendment creates a new chapter for guidelines at 4C1.1 – Adjustment for Certain Zero Point Offenders. This revision of 4C1.1 provides a **"Decrease of Two Levels"** from the offense level determined under chapters two and three for offenders who did not receive any criminal history points under chapter four Part A and whose instant offense did not involve specified aggravating factors.

The amendment applies to offenders with no criminal history points, including: (1) offenders with no prior convictions; (2) offenders who have prior convictions that are not counted because those convictions were not within the time limits set-forth in subsection (d) and (e) of 4A1.2 (Definition and Instruction for Computing Criminal History); and (3) offenders who have prior convictions that are not used in computing the criminal history category for reasons other than their "staleness" (e.g. sentences resulting from foreign or tribal court, convictions, minor misdemeanor convictions, or infractions).

In adopting this definition of "zero point offenders" the commission opted to hew to the long standing and carefully crafted criminal history rules set forth in chapter four, regarding which prior convictions count for criminal history purposes and which do not. The sentencing commission also observed that attempts to exclude offenders with certain prior convictions could lead to increased complexity and litigation thus requiring the additional practical step of investigations prior offenses for which records may not be readily available. While determining that a reduction is appropriate for some offenders with zero criminal history points, the commission also identified circumstances in which zero-point offenders are appropriately excluded from eligibility in light of the seriousness of the instant offense of conviction or the existence of aggravating factors in the instant offense.

Subpart 2 of Part B of the amendment revises the commentary to 5C1.1 (Imposition of a term of imprisonment) that addresses "nonviolent first offenders." New application note 10 (A) provides that if the defendant received an adjustment under new 4C1.1 and the defendant's applicable guideline range is in Zone A or B of the sentencing table, a sentence other than a sentence of imprisonment, in accordance with subsection (b) or (C) (3) is generally appropriate. New application note 10 (B) adds a corresponding departure provision providing that a departure, including a departure to a sentence other than a sentence of imprisonment, may be appropriate if the offender received an adjustment under new 4C1.1 and the applicable guideline range overstates the gravity of the offense because the offense of conviction is not a crime of violence or otherwise serious offense this would be the Safety Valve provision at Section 3553

4

(f). The changes to the commentary to 5C1.1 respond to a congressional directive to the commission at 28 U.S.C. 994 (j) directing the commission to ensure that the guidelines reflect the general appropriateness of imposing a sentence other than imprisonment in cases in which the defendant is a first time offender who has not been convicted of a crime of violence or an otherwise serious offense. The commission determined that the revised commentary serves congressional intent by disseminating Section 994 (j) while providing appropriate limitations and guidance through reliance on the criteria set-forth in new 4C1.1 and the specific statutory language established in Section 994 (j) as enacted by Congress by amending the Sentencing Guidelines on April 27th, 2023.

Part C of the Amendment revises the commentary to 4A1.3, Departures Based on Inadequacy of Criminal History Category (policy statement) to include sentences resulting from possession of Marijuana as an example of when a downward departure from the defendant's criminal history may be warranted. Specifically, Part C provides that a downward departure may be warranted if the defendant received criminal history points from a sentence for possession of marijuana for personal use, without an intent to sell or distribute it to another person.

## STATEMENT OF THE CASE

On November 1 2016, Petitioner pled guilty to counts Three and Eight of a 16 count indictment. Petitioner was convicted of conspiracy to possess with intent to distribute 280 grams or more of cocaine in violation of 21 USC 846 and 18 USC 922(g) possession of a firearm. Petitioner has 2 prior convictions and was sentenced as a career offender to 216 months in a federal prison. Petitioner sets forth this Motion for Reduction of Sentence.

1. Petitioner States the Following:

A. <u>Petitioner No Longer Qualifies for Career Offender Enhancement Pursuant to U.S. vs. Dupree 19-13776 (2023).</u>

The Guideline commentary notes since 1945 have not been binding.  See **Bowles v. Seminole Rock & Sand Co.**, 325 US 410, 414 (1945), Nonetheless, **United States v. Weir** 51 F.3d 1031 (11th Cir. 1995) and **United States vs. Smith** 54 F36 690 (11th Cir. 1995) in the United States Court of Appeals (11th Cir) were completely opposed since 1995.  The U.S. Supreme Court clarified its ruling with **Aver vs. Robbins** 519 U.S. 452 (1997) and **Kisor vs. Wilkie** 139 sct 2400 (2019).

Thus, "Inchoate" offenses like "conspiracy", "attempt", and "aiding and abetting" have never been a part of the text of 4B1.2 and unless the guidelines are ambiguous, there cannot be deference to the United States Sentencing Guidelines commentary for interpretation.  Therefore conspiracy, under §846 is not a "controlled substance" offense as defined by 4B1.2.

On January 18 2023, United States v. Dupree, 19-13776 (2023) was decided by the Eleventh Circuit on En Banc.  Dupree was convicted of 21 USC 846 conspiracy to possess with intent to distribute heroin and cocaine, his instant offense which is an "inchoate" offense.  Dupree also had three prior convictions that gave him the career offender enhancement.  The Eleventh Circuit in interpreting the Supreme Court held that Section 4B1.2 unambiguously excludes inchoate offenses and the commentary interpretation is not binding.  The Eleventh Circuit overruled its prior precedent holding that the guidelines commentary constitutes a binding interpretation of 4B1.2(b).  Therefore Dupree 21 USC 846 conviction for conspiracy to possess with intent to distribute heroin and cocaine his instant offense is not a controlled substance offense because the plain text of 4B1.2 unambiguously excludes inchoate crimes. Therefore, Dupree must be resentenced without the career offender enhancement decided by the Eleventh Circuit as such the petitioner that was sentenced before the U.S.S.G. came into effect on November 1, 2023.

In Petitioners case in point, Petitioner was sentenced as a career offender for two prior convictions which are;

1) Dkt. F9611036 Robbery (Count 1,3,6), Burglary with Assault (count 2,4,7), and  Possession of Burglary Tools (Count 5).

6

2) Dkt. F081613 Battery (Count 1,3), Attempted Battery (Count 2), and Resisting Arrest with Violence (Count 4).

At sentencing, Petitioners instant offense was "conspiracy" to possess with intent to distribute which is an inchoate offense and is not considered a controlled substance offense under 4B1.1/4B1.2 Career Offender Guidelines. Therefore, petitioner does not qualify for career offender enhancement and is serving and unconstitutional guideline sentence. As a career offender, petitioners sentencing guideline was category VI, level 37 with a sentencing range of 360 to Life, minus 3 point for acceptance of responsibility left petitioner at category VI, level 34 with a sentencing range of 262-327 months. Petitioner was sentenced to 216 months. Petitioner no longer qualifies for career offender in light of US v. Dupree (Supra) therefore his guideline sentencing range changes to category V, level 30 plus two levels for a dangerous weapon pursuant to 2D1.1(b)(2) leaving petitioner at a category V level 32, sentencing range of 188-235 months. Minus 3 for acceptance of responsibility leaves petitioner with a sentencing guideline range of category V, level 29 with a sentencing range of 140-175 months. Which, with the new intervening changes of constitutional law is petitioners sentencing guideline range today. Petitioner is serving an unusually long sentence that is unconstitutional. This is why the 1B.13(B)(6) was enacted by congress in the new U.S.S.G. of 2023 for miscarriages of justice as in the petitioner case in point. Therefore, petitioner qualifies for a sentence reduction because of the new intervening changes of law and if sentence was imposed today it would not be the same but in actuality much lower. Petitioner humbly requests a sentence reduction in the interest of justice.

B. Educational Programming

Petitioner throughout his incarceration has been Educationally Programming to become a productive member of society. Petitioner has taken various Educational programs that the federal institution has to offer and vocational skills for trades that will help him in the outside world for job opportunities (See Exhibit A). Petitioner also has been employed by the UNICOR work program for 5 years and has great

7

work standings with his supervisor at FCI Miami Federal Institution low were low recidivism inmates are

house at. (See U.S. vs. Peppers 131 sct 377 (2011) where courts have given sentence reductions based on

educational programming while incarcerated.  Petitioner humbly requests considerations for a sentence

reduction based on petitioner Educational Programming and his efforts in rehabilitation throughout

incarceration.

### CONCLUSION / RELIEF REQUESTED

Petitioner hopes and prays that the Honorable court will grant petitioners Motion for Reduction

of Sentence in the interest of Justice and for all the above stated reasons.  Petitioner no longer qualifies

as a career offender and is a perfect candidate for a sentence reduction because if his sentence was

imposed today it would be extremely lowered.

11/28/2023
_____
DATE
(28 USC §1746)

Respectfully submitted,

Pro-se, Wayne Thomas
Reg. No. 09010-104
Federal Correctional Institution-Miami
PO Box 779800
Miami, FL 33177

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of this Motion has been furnished via U.S. Postal

Service First-Class on this ___*28*___ day of ___*November*___ 2023 to:

Clerk of the Court                              CC:  USA Attorney
U.S. Federal Court                                   99 NE 4th Street
400 North Miami Avenue                               Miami, FL 33132
Room 8N09
Miami, FL 33128

*11/28/2023*
_____
          /DATE
   (28 USC §1746)

                                        Respectfully submitted,

                                        *Wayne Thomas*
                                        _____
                                        Pro-se, Wayne Thomas
                                        Reg. No. 09010-104
                                        Federal Correctional Institution-Miami
                                        PO Box 779800
                                        Miami, FL 33177

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

WAYNE THOMAS,
(PETITIONER),

SELF REPRESENTED / PRO-SE

VS.

UNITED STATES OF AMERICA,
(RESPONDENT),
_____ /

CASE #:113C1-16-CR-20038

**MOTION FOR APPOINTMENT OF COUNSEL**
**PURSUANT TO 18 U.S.C. §3006(A)**

COMES NOW, Petitioner, Wayne Thomas, files this Motion for Appointment of Counsel pursuant to 18 USC 3006A , pro-se.  Petitioner is a layman of the law, unskilled in the law, and requests this Motion to be construed liberally.  See – **Haines v. Kerner**, 404 U.S. 519 (1972)).

**STATEMENT**

Petitioner files this motion for appointment of counsel due to the new retroactive sentencing guidelines as amended by congress, effective November 1, 2023.  Petitioner qualifies for a sentence reduction pursuant to U.S.S.G. 1b1.13(B)(6) for "Unusually Long Sentences".

Therefore petitioner humbly requests appointment of counsel pursuant 18 USC 3006(A).

**CONCLUSION**

Petitioner hopes and prays that the Honorable court will grant his request for counsel for the

above states reasons.

Clerk of the Court                                    CC:  USA Attorney
U.S. Federal Court                                          99 NE 4th Street
400 North Miami Avenue                                      Miami, FL 33132
Room 8N09
Miami, FL 33128

11/24/2023
_____
                  DATE
    (28 USC §1746)

Respectfully submitted,

_Wayne Thomas_
Pro-se, Wayne Thomas
Reg. No. 09010-104
Federal Correctional Institution-Miami
PO Box 779800
Miami, FL 33177

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this Motion has been furnished via U.S. Postal

Service First-Class on this ___*28*___ day of ___*NOVEMBER*___, 2023 to:

Clerk of the Court                                    CC: USA Attorney
U.S. Federal Court                                          99 NE 4th Street
400 North Miami Avenue                                      Miami, FL 33132
Room 8N09
Miami, FL 33128

*11/24/2023*
_____
         DATE
   (28 USC §1746)

Respectfully submitted,

*Wayne Thomas*
Pro-se, Wayne Thomas
Reg. No. 09010-104
Federal Correctional Institution-Miami
PO Box 779800
Miami, FL 33177



## Individualized Needs Plan - Program Review    (Inmate Copy)

**Dept. of Justice / Federal Bureau of Prisons**
Plan is for inmate: THOMAS, WAYNE JR  09010-104

SEQUENCE: 01989328
Team Date: 03-02-2023

| | | | |
|---|---|---|---|
| Facility: | MIA  MIAMI FCI | Proj. Rel. Date: | 05-30-2030 |
| Name: | THOMAS, WAYNE JR | Proj. Rel. Mthd: | FIRST STEP ACT RELEASE |
| Register No.: | **09010-104** | DNA Status: | MIM15895 / 01-30-2016 |
| Age: | 47 | | |
| Date of Birth: | 12-29-1975 | | |

### Detainers

| Detaining Agency | Remarks |
|---|---|
| FLORIDA | F06038756B |

### Pending Charges

| |
|---|
| VOP, Case #F0603876B Dade County, FL |

### Current Work Assignments

| Facl | Assignment | Description | Start |
|---|---|---|---|
| MIA | INDUSTRIES | INDUSTRIES | 01-20-2023 |

### Current Education Information

| Facl | Assignment | Description | Start |
|---|---|---|---|
| MIA | ESL HAS | ENGLISH PROFICIENT | 03-29-2017 |
| MIA | GED HAS | COMPLETED GED OR HS DIPLOMA | 05-30-2017 |

### Education Courses

| SubFacl | Action | Description | Start | Stop |
|---|---|---|---|---|
| MIA | C | YOGA- MAIN | 06-13-2022 | 09-04-2022 |
| MIA | C | SPANISH FOR BEGINNERS/6PM- 8PM | 05-24-2022 | 07-25-2022 |
| MIA | C | COMMERCIAL DL MON/THURS 6-8PM | 01-05-2022 | 07-28-2022 |
| COM | C | FLAGFOOTBALL OFFICIATING CLASS | 09-01-2019 | 09-09-2019 |
| COM | C | BASKETBALL OFFICIATING CLASS | 02-09-2019 | 02-19-2019 |
| COM | C | BEGINNING AEROBICS | 10-18-2017 | 01-17-2018 |
| COM | C | RESUME WRITING PROGRAM--EDUC | 10-10-2017 | 12-22-2017 |
| COM | C | MONEY SMART PROGRAM (ACE) | 10-10-2017 | 12-22-2017 |
| COM | C | ADVANCED AEROBICS | 08-11-2017 | 10-18-2017 |
| COM | C | SOFTBALL SPORTS RULES | 08-26-2017 | 09-12-2017 |
| COM | C | INTERMEDIATE AEROBICS | 05-26-2017 | 08-11-2017 |

### Discipline History (Last 6 months)

| Hearing Date | Prohibited Acts |
|---|---|

*\*\* NO INCIDENT REPORTS FOUND IN LAST 6 MONTHS \*\**

### Current Care Assignments

| Assignment | Description | Start |
|---|---|---|
| CARE1 | HEALTHY OR SIMPLE CHRONIC CARE | 02-27-2017 |
| CARE1-MH | CARE1-MENTAL HEALTH | 04-05-2017 |

### Current Medical Duty Status Assignments

| Assignment | Description | Start |
|---|---|---|
| C19-T NEG | COVID-19 TEST-RESULTS NEGATIVE | 08-12-2020 |
| NO PAPER | NO PAPER MEDICAL RECORD | 03-22-2017 |
| REG DUTY | NO MEDICAL RESTR--REGULAR DUTY | 02-11-2016 |
| YES F/S | CLEARED FOR FOOD SERVICE | 02-11-2016 |

### Current Drug Assignments

| Assignment | Description | Start |
|---|---|---|
| DAP DIAG | DRUG ABUSE DIAGNOSIS PENDING | 12-06-2019 |
| ED COMP | DRUG EDUCATION COMPLETE | 01-05-2018 |
| NR COMP | NRES DRUG TMT/COMPLETE | 04-05-2018 |

### FRP Payment Plan

| Most Recent Payment Plan |
|---|



**Individualized Needs Plan - Program Review    (Inmate Copy)**
Dept. of Justice / Federal Bureau of Prisons
Plan is for inmate: THOMAS, WAYNE JR   09010-104

SEQUENCE: 01989328
Team Date: 03-02-2023

| Most Recent Payment Plan |
|---|

**FRP Assignment:    COMPLT    FINANC RESP-COMPLETED        Start: 06-12-2019**

| Inmate Decision:    **AGREED**    **$25.00**    | Frequency: **QUARTERLY** |
|---|---|
| Payments past 6 months:    **$0.00** | Obligation Balance: **$0.00** |

**Financial Obligations**

| No. | Type | Amount | Balance | Payable | Status |
|---|---|---|---|---|---|
| 1 | ASSMT | $200.00 | $0.00 | IMMEDIATE | COMPLETEDZ |

*** NO ADJUSTMENTS MADE IN LAST 6 MONTHS ***

**FRP Deposits**

Trust Fund Deposits - Past 6 months:   $2,006.96        Payments commensurate ?   Y

New Payment Plan:   ** No data **

**Current FSA Assignments**

| Assignment | Description | Start |
|---|---|---|
| FTC ELIG | FTC-ELIGIBLE - REVIEWED | 09-20-2022 |
| N-ANGER Y | NEED - ANGER/HOSTILITY YES | 03-07-2023 |
| N-ANTISO Y | NEED - ANTISOCIAL PEERS YES | 03-07-2023 |
| N-COGNTV Y | NEED - COGNITIONS YES | 03-07-2023 |
| N-DYSLEX N | NEED - DYSLEXIA NO | 05-30-2021 |
| N-EDUC N | NEED - EDUCATION NO | 03-07-2023 |
| N-FIN PV N | NEED - FINANCE/POVERTY NO | 03-07-2023 |
| N-FM/PAR N | NEED - FAMILY/PARENTING NO | 03-07-2023 |
| N-M HLTH N | NEED - MENTAL HEALTH NO | 03-07-2023 |
| N-MEDICL N | NEED - MEDICAL NO | 03-07-2023 |
| N-RLF N | NEED - REC/LEISURE/FITNESS NO | 03-07-2023 |
| N-SUB AB Y | NEED - SUBSTANCE ABUSE YES | 03-07-2023 |
| N-TRAUMA Y | NEED - TRAUMA YES | 03-07-2023 |
| N-WORK N | NEED - WORK NO | 03-07-2023 |
| R-LW | LOW RISK RECIDIVISM LEVEL | 03-07-2023 |

**Progress since last review**

| Inmate Thomas has completed multiple courses since his last Team Review. |
|---|

**Next Program Review Goals**

| Inmate is encouraged to keep up the great work. Continue to enroll in programs of choice through the psychology or recreation department. A psychological course can leverage his understanding of crime, punishment, and psychological ramifications of both incarceration and rehabilitation. |
|---|

**Long Term Goals**

| Maintain good Unit Sanitation. Maintain good Cell sanitation. Continue to receive good job evaluations. Remain disciplinary report free. Maintain respectful attitude and monitor your emotional behavior with staff and others. Save towards your release funds and plan for re-entry. Make goals for your release and work towards them. Recommended to use this time prepare yourself to be a productive member of your community. |
|---|

**RRC/HC Placement**

| Recommended Placement in range greater than 270 days. |
|---|

**Comments**

| Inmate Thomas is currently assigned to the UNICOR "IND SEWING B" work assignment and has received good work evaluations. Thomas has maintained clear conduct during his period of incarceration. His interaction with staff and inmates has been appropriate since last team. No management concerns are noted at this time. |
|---|



**Individualized Needs Plan - Program Review   (Inmate Copy)**

SEQUENCE: 01989328

Dept. of Justice / Federal Bureau of Prisons

Team Date: 03-02-2023

Plan is for inmate: THOMAS, WAYNE JR  09010-104

| | |
|---|---|
| Name:  THOMAS, WAYNE JR | DNA Status:   MIM15895 / 01-30-2016 |
| Register No.:  **09010-104** | |
| Age:  47 | |
| Date of Birth:  12-29-1975 | |

Inmate    (THOMAS, WAYNE JR. Register No.: 09010-104)

Date

Unit Manager / Chairperson                    Case Manager

Date                                           Date

Wayne Thomas Reg # 09010-104
Federal Correctional Institution Miami
Po Box - 779800
Miami FL. 33177

LEGAL MAIL





Clerk of the Court
Southern District of Florida
400 North Miami Ave   Rm 8N09
Miami FL 33128


