UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-20038-CR-LENARD

**UNITED STATES OF AMERICA,**

v.

**WAYNE THOMAS, Jr,**

    Defendant.
_____/

**ORDER DENYING DEFENDANT'S MOTION FOR SENTENCE REDUCTION**

**THIS CAUSE** is before the Court on Defendant Wayne Thomas Jr's *pro se* Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(1)(A) and (c)(2) for Amendment 821 "Status Points" and 1B1.13(b)(6) "Unusually Long Sentence" ("Motion," D.E. 1386) filed May 21, 2024. The Government filed a Response on June 4, 2024. ("Response," D.E. 1388). Defendant did not file a Reply and the time to do so has passed. Upon review of the Motion, Response, and the record, the Court finds as follows.

**I.    Background**

On January 21, 2016, a Grand Jury sitting in the Southern District of Florida returned a 16-count indictment against Defendant and 31 co-defendants. ("Indictment," D.E. 4.) The Indictment charged Defendant with conspiring to possess with intent to distribute 280 grams or more of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(iii), and 846 (Count 3); possessing with intent to distribute 28 grams or more of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(iii), and 18 U.S.C. § 2 (Count 6); using and carrying a firearm during and in relation to, and possessing a firearm

in furtherance of, a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count 7); and possessing a firearm and ammunition after previously having been convicted of a felony offense, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e) (Count 8).

On November 1, 2016, Defendant pled guilty to Counts 3 and 8 of the Indictment pursuant to a written plea agreement. (D.E.'s 879, 880). The Presentence Investigation Report ("PSR") designated Defendant as a career offender[1] under the Guidelines because he was at least 18 years old at the time of the offenses in his underlying criminal case, the instant offense involved controlled substances, and he had at least two prior felony convictions for either a crime of violence or a controlled substance offense. (PSR ¶ 175).

Defendant had a total offense level of 34. (PSR ¶ 179). Based on his criminal history, he received a subtotal of 10 criminal history points. (*Id.* ¶ 193). However, because he committed his offenses while under a sentence, two points were added pursuant to §4A1.1(d), resulting in a total of 12 criminal history points and a criminal history category of V. (*Id.*). Nevertheless, because Defendant was a career offender, his criminal history category was increased to VI. (*Id.*). Based on a total offense level of 34 and a criminal history category of VI, Defendant's advisory guideline range was 262 to 327 months imprisonment. (*Id.* ¶ 241).

Defendant filed Objections to the PSR (D.E. 1075), a Motion for Downward Departure (D.E. 1076), and a Motion for a Downward Variance (D.E. 1077). At

---

[1] The PSR also designated Defendant as an armed career criminal under 18 U.S.C. § 924(e). (PSR ¶ 176). However, his offense level as a career criminal was utilized because it exceeded his offense level as an armed career criminal. (*Id.* (citing U.S.S.G. § 4B1.1(b)(1)).

2

sentencing, the Court overruled Defendant's Objections to the PSR and found that he was correctly designated as a career offender. ("Sentencing Transcript," D.E. 1117 at 11–18). The Court also denied Defendant's Motion for Downward Departure (*id.* at 42) but granted his Motion for a Downward Variance. (*Id.* at 58). The Court then imposed a sentence of 216 months imprisonment followed by eight years of supervised release. (*Id.* at 58–59). Defendant appealed, and his sentence was affirmed. *United States v. Thomas*, 724 F. App'x 689, 692 (11th Cir. 2017).

In his Motion, Defendant asserts his sentence should be reduced because he no longer qualifies as a career offender under *United States v. Dupree*, 57 F.4th 1269, 1271 (11th Cir. 2023)[2], based upon Part A of Amendment 821, and his rehabilitation efforts. In its Response, the Government explains that because the "new career offender guideline amendment moved language defining the terms 'crime of violence' and 'controlled substance offense' from the commentary of the Guideline to the text[,]" Defendant's career offender designation and resulting guideline range would remain unchanged if he were sentenced today. (Resp. at 7). The Government further argues that Defendant is ineligible for relief under Part A of Amendment 821 and that his rehabilitation efforts do not constitute an extraordinary and compelling justification for a sentence reduction. (*Id.* at 6, 8).

---

[2] In *Dupree*, the Eleventh Circuit held that "[t]he definition of 'controlled substance offense' in § 4B1.2(b) of the Sentencing Guidelines does not include inchoate offenses like conspiracy and attempt." *Id*. at 1280. Defendant thus argues that his conspiracy conviction can no longer serve as a predicate offense for the career offender enhancement.

3

## II. Legal Standards

Generally, "a district court may not modify an imprisonment sentence except where expressly permitted by statute or Rule 35 of the Federal Rules of Criminal Procedure[.]" *United States v. Phillips*, 597 F.3d 1190, 1194 (11th Cir. 2017). Sections 3582(c)(1)(A) and 3582(c)(2) are statutes that Congress created to fashion a narrow means of modifying a criminal sentence. Section 3582(c)(2) states that:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after consulting the factors set forth in section 3553(a) to the extent they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).

Section 3582(c)(1)(A), as amended by the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, provides, in relevant part:

> **(c) Modification of an imposed term of imprisonment.**--The court may not modify a term of imprisonment once it has been imposed except that—
>
> **(1)** in any case—
>
> **(A)** the court, upon motion of the Director of the Bureau of Prisons, <u>or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier,</u> may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original

> term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> **(i)** extraordinary and compelling reasons warrant such a reduction;
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1)(A)(i) (emphasis added).

### III. Discussion[3]

#### a. Career Offender

Defendant first argues that his sentence should be reduced because he no longer qualifies as a career offender under *Dupree*. Defendant thus asserts that *Dupree* is a change in the law constituting extraordinary and compelling reasons for a sentence reduction. However, *Dupree* was a decision by the Eleventh Circuit Court of Appeals and not an action by the Sentencing Commission lowering Defendant's sentencing range. As discussed, § 3582(c)(2) relief is only available to "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)[.]" 18 U.S.C. § 3582(c)(2). Simply put, *Dupree* does not provide Defendant with an avenue for relief under § 3582(c)(2).

---

[3] As a preliminary matter, the Government argues that Defendant has failed to exhaust administrative remedies. (Resp. at 4–7). However, the Government also states that "[b]ased on the letter the Defendant attached to his Motion, it appears as if he has exhausted his administrative remedies." (*Id.* at 4 n. 4 (citing Mot. at 12)). It is thus unclear whether the Government is raising exhaustion as a defense. *See United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021) (holding that exhaustion is not a jurisdictional requirement but rather a claim-processing rule that the Court must enforce if properly raised by a party). Because the Government has not properly raised the issue, the Court will proceed to the merits of Defendant's Motion.

The Court additionally finds that—rather than lowering Defendant's sentencing range—the Sentencing Commission recently amended the career offender guideline[4] by moving inchoate offenses from the commentary to the guideline text.[5] This change was effectuated by Amendment 822[6] which made several changes to address a circuit conflict regarding the authoritative weight afforded to certain commentary to § 4B1.2. As discussed, the Eleventh Circuit held in *Dupree* that the guideline's definition of "controlled substance offense" does not include inchoate offenses because such offenses were included in the commentary rather than the guideline text. Several other circuits have reached the same conclusion. *See United States v. Campbell*, 22 F.4th 438 (4th Cir. 2022); *United States v. Nasir*, 17 F.4th 459 (3d Cir. 2021) (*en banc*); *United States v. Havis*, 927 F.3d 382 (6th Cir. 2019) (*en banc*); *United States v. Winstead*, 890 F.3d 1082 (D.C. Cir. 2018). Nevertheless, other circuits have reached the opposite conclusion finding that inchoate offenses like conspiracy are included in the definition of "controlled substance offense"

---

[4] The 2023 Guidelines Manuel for § 4B1.1 Career Offender and § 4B1.2 Definitions of Terms Used in Section 4B1.1 is available at: https://www.ussc.gov/guidelines/2023-guidelines-manual/annotated-2023-chapter-4#4b12 (last visited September 4, 2024).

[5] In *Stinson v. United States*, 508 U.S. 36 (1993), the Supreme Court held that "the guidelines are the equivalent of legislative rules adopted by federal agencies." *Id.* at 45. The Sentencing Commission is tasked with providing sentencing guidelines and policy statements which must "pass through the gauntlets of congressional review or notice and comment." *United States v. Tate*, 999 F.3d 374, 382 (6th Cir. 2021). However, the commentary to the sentencing guidelines "is not the product of delegated [Congressional] authority for rulemaking" and is "akin to an agency's interpretation of its own legislative rules." *Stinson*, 508 U.S. at 44–45. Thus, while "not binding on the federal courts," the "commentary in the Guidelines Manual that interprets or explains a guideline is authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline." *Id.* at 37–38.

[6] Amendment 822 has an effective date of November 1, 2023, and is available at: https://www.ussc.gov/guidelines/amendment/822 (last visited September 4, 2024).

under the career offender guideline. *See United States v. Vargas*, 74 F.4th 673, 698 (5th Cir. 2023) (*en banc*); *United States v. Smith*, 989 F.3d 575, 585 (7th Cir. 2021); *United States v. Tabb*, 949 F.3d 81, 87 (2d Cir. 2020); *United States v. Lewis*, 963 F.3d 16, 22 (1st Cir. 2020).

To address this circuit conflict, the Sentencing Commission amended the career offender guideline. The current 2023 Guidelines Manuel (effective November 1, 2023) specifies in the guideline text—rather than the commentary—that under the career offender enhancement "[t]he terms 'crime of violence' and 'controlled substance offense' include the offenses of aiding and abetting, attempting to commit, or conspiring to commit any such offense." U.S.S.G. § 4B1.2(d). In other words, the Sentencing Commission addressed the cause of the circuit conflict by moving inchoate offenses from the commentary to the guideline text. Therefore, Defendant would still be a career offender if he were sentenced today. Based on this, Defendant's "unusually long sentence" argument also fails. Simply put, Defendant's guidelines and career offender status would be the same if he were sentenced today and thus there is nothing to suggest that his resulting sentence would be different. Additionally, as the Government notes, "[a]t the time of sentencing, the Defendant also received a downward variance and was sentence to 216 months imprisonment, which is 46 months below the bottom of his guideline range." (Resp. at 9). In sum, the Court agrees with the Government that "there is no factual or legal reason to conclude that the Defendant is serving an unusually long sentence." (*Id.*)

7

### b. Part A of Amendment 821

Second, Defendant argues that his sentencing range has been lowered by Part A (Status Points under § 4A1.1) of Amendment 821 to the Sentencing Guidelines.[7] The Government counters that Defendant is not eligible for relief under the new "status points" amendment because he was designated as a career offender. (Resp. at 8).

The Court agrees with the Government and finds that Part A of Amendment 821 revised § 4A1.1's rules for calculating a defendant's criminal history category. However, § 4A1.1 does not control the criminal history category for career offenders—§ 4B1.1(b) does. Under that section, a career offender's criminal history category is always VI. U.S.S.G. § 4B1.1(b). Because Defendant was correctly designated a career offender, his criminal history category is still VI, and his guideline range remains the same. As such, Defendant is ineligible for a sentence reduction. 18 U.S.C. § 3582(c)(2) (district courts authorized to reduce sentence for "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission."); U.S.S.G. § 1B1.10(a)(1) (defendants eligible only where "the guideline range applicable to that defendant has subsequently been lowered.")

---

[7] The "status points" provision previously stated that two criminal history points are to be added if "the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape release." U.S.S.G. § 4A1.1(d). Now, the amended "status points" provision under the redesignated subsection (e) applies in the following ways: "status points" will no longer apply to offenders with six or fewer criminal history points, even if the instant offense was committed while the offender was under a criminal justice sentence; and, (2) defendants with seven or more criminal history points will be assessed one additional criminal history point, instead of two.

### c. Rehabilitation Efforts

Third, Defendant states that "throughout his incarceration [he] has been [involved in] Education Programming to become a productive member of society." (Mot. at 9). The Court commends his rehabilitation efforts and participation in a wide range of educational and self-betterment programs. However, "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason" for a sentence reduction. 28 U.S.C. § 994(t); *see also* § 1B1.13 cmt. n. 3 ("[R]ehabilitation of the defendant is not, by itself, an extraordinary and compelling reason." (citing § 994(t)); *United States v. Guyton*, 859 F. App'x 435, 437 (11th Cir. 2021) ("A defendant's rehabilitation, by itself, is not an extraordinary and compelling reason under the policy statement.")). Consequently, Defendant's Motion is due to be denied.

### IV. Conclusion

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant Wayne Thomas Jr's Motion for Sentence Reduction (D.E. 1386) is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida this 4th day of September, 2024.

*[signature]*
**JOAN A. LENARD**
**UNITED STATES DISTRICT JUDGE**